IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JAY'VON ANTHONY, | : |
| Petitioner, | : |
| v. | : Case No. 5:24-cv-247-MTT-AGH |
| Warden TRACY PAGE, | : |
| Respondent. | : |

**REPORT AND RECOMMENDATION**

*Pro se* Petitioner Jay'von Anthony, a prisoner at Rogers State Prison in Reidsville, Georgia, filed this 28 U.S.C. § 2254 petition, challenging a February 20, 2023 conviction from the Superior Court of Bibb County, Georgia. ECF No. 1. Petitioner paid the filing fee. Petitioner's petition is now ripe for preliminary review, and it is **RECOMMENDED** that the petition be **DISMISSED WITHOUT PREJUDICE** for the reasons set forth below. It is also **RECOMMENDED** that a certificate of appealability and any motion to proceed *in forma pauperis* on appeal be **DENIED**.

**PRELIMINARY REVIEW OF THE PETITION**

"Rule 4 [of the Rules Governing § 2254 Cases] requires district courts to dismiss § 2254 petitions without ordering the State to respond '[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief.'" *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) (quoting Rule 4) (second alteration in original). "This preliminary review calls on a district

court to perform a screening function, ordering summary dismissal where a petition makes no meritorious claim to relief." *Id.* "The procedure serves to 'eliminate the burden that would be placed on the respondent by ordering an unnecessary answer.'" *Id.* (quoting Rule 4 advisory committee notes).

"To survive Rule 4 review, a § 2254 petition must set forth facts that, if true, would establish a constitutional violation entitling the petitioner to relief." *Paez*, 947 F.3d at 653 (citing *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) ("holding that a § 2254 petition must comply with the 'fact pleading requirements of [Habeas] Rule 2(c) and (d)' to survive dismissal under Rule 4" (alteration in original))). A dismissal may be appropriate either on the merits or on a finding that the petition is procedurally barred or for both reasons. *Id.* at 654.

Once a petitioner's conviction is final, a petitioner must exhaust the available state court remedies before filing a federal habeas petition. *See* 28 U.S.C. § 2254(b)(1)(A); *Vazquez v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 964, 966 (11th Cir. 2016) ("Generally, in order to bring a § 2254 habeas corpus petition in federal court, a petitioner must exhaust all state court remedies."). A petitioner "shall not be deemed to have exhausted" the available state court remedies "if he has the right under the law of the State to raise, by any available procedure," the claims he has presented in his federal habeas petition. 28 U.S.C. § 2254(c).

To exhaust, the petitioner must "fairly present[ ]" every issue raised in the petitioner's federal habeas petition to the state's highest court, either on direct appeal or through other collateral means for review. *Castille v. Peoples*, 489 U.S. 346, 351

2

(1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Thus, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. If a petitioner fails to exhaust state remedies, the district court must dismiss the petition without prejudice to allow for the exhaustion of remedies in the state courts. *Allen v. Sec'y, Dep't of Corr.*, 767 F. App'x 786, 790 (11th Cir. 2019) (citing *Jimenez v. Fla. Dep't of Corr.*, 481 F.3d 1337, 1342 (11th Cir. 2007)).

Here, Petitioner states he entered a guilty plea to the charge of Cruelty to Children in the First Degree on February 20, 2023 in the Superior Court of Bibb County. Pet. 1-2, ECF No. 1. Petitioner complains that the prosecuting attorney "knowingly presented false testimony[,]" that his charges are invalid because the child had "no bruises, broken bones, blood or abrasions[,]" that his hired private attorney provided ineffective assistance of counsel, and that his guilty plea is invalid. *Id.* at 5-10. Petitioner requests that this Court "set aside the conviction[.]" *Id.* at 15.

Petitioner utilized a district court standard form for his petition and when asked on the form whether he has appealed his state court conviction, Petitioner answers "no[.]" Pet 2., Petitioner's response to question 8. When asked whether he sought review of his case in a higher state court, Petitioner similarly answers "no[.]" *Id.*, Petitioner's response to question 9(g). When asked whether he has filed any

3

other petitions, applications, or motions regarding this conviction in any state court, Petitioner again responds "no[.]" *Id.* at 3, Petitioner's response to question 10. As to each ground raised in this habeas petition, Petitioner gives no explanation for his failure to exhaust his state remedies although asked to do so. Pet. 5, Petitioner's response to question 12 Ground One (b); *id.* at 7, Petitioner's response to question 12 Ground Two (b); *id.* at 9, Petitioner's response to question 12 Ground Three (b); *id.* at 10, Petitioner's response to question 12 Ground Four (b). Petitioner fails to cite to an appeal, petition, or motion in any state court that he has filed as to this 2023 conviction. *See generally* ECF No. 1. Thus, it "plainly appears" on the face of the petition that Petitioner has not presented his claims in any state court prior to filing the present federal habeas petition. This federal habeas petition must therefore be dismissed due to Petitioner's failure to exhaust his state remedies prior to seeking federal habeas relief. Rule 4 of Rules Governing § 2254 Cases.

For the reasons set forth above, it is **RECOMMENDED** that this petition for federal habeas corpus relief be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies prior to seeking federal relief.

## CERTIFICATE OF APPEALABILITY AND *IN FORMA PAUPERIS* ON APPEAL

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a [COA] when it enters a final order

adverse to the applicant[,]" and if a COA is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."

Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires a demonstration that "jurists of reason could disagree with the district court's resolution of [a petitioner's] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When the Court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, as in this case, the petitioner must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling"; and (2) "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner has not made these showings. Therefore, it is **RECOMMENDED** that Petitioner be **DENIED** a Certificate of Appealability. Additionally, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3). Accordingly, it is **RECOMMENDED** that any motion to proceed *in forma pauperis* on appeal also be **DENIED**.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to these recommendations with the Honorable Marc T. Treadwell, United States District Court Judge, **WITHIN FOURTEEN (14) DAYS** after being served

with a copy of this Recommendation. Petitioner may seek an extension of time to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection should be no longer than **TWENTY (20) PAGES** in length. See M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. See 11th Cir. R. 3-1.

Furthermore, because this Report and Recommendation provides Petitioner an opportunity to file objections, it thus affords him notice and a reasonable opportunity to respond. See Paez, 947 F.3d at 655 (explaining that a petitioner is "provided ample notice and opportunity to explain why his petition was timely in his form petition and again when he was given the opportunity to respond to the magistrate judge's Report and Recommendation that his petition be summarily dismissed as untimely." (citing Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) ("holding that plaintiff 'was afforded both notice and a reasonable opportunity to oppose' procedural default when he was given an opportunity to object to [the] magistrate judge's Report and Recommendation that 'placed [him] on notice that procedural default was a potentially dispositive issue'" (second alteration in original))).

**SO RECOMMENDED**, this 1st day of October, 2024.

                                                     s/ *Amelia G. Helmick*
                                                   UNITED STATES MAGISTRATE JUDGE